UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPH MARZULLO | | |
| | Plaintiff, | Docket No. 1:20-cv-0179 (AT) |
| - against - | | |
| | | **STATEMENT OF DAMAGES** |
| MOVIEPASS INC. | | |
| | Defendant. | |

Plaintiff Joseph Marzullo ("Plaintiff"), via counsel, respectfully submits this Statement of Damages in support of Plaintiff's application for entry of default judgment against Moviepass Inc. ("Defendant") pursuant to Fed.R.Civ.P. 55(b) and Local Rule 55.2(b).

1.    Plaintiff's copyright infringement claim qualifies for statutory damages under 17 U.S.C. § 504(c) because the Photograph was registered within three months of initial publication. *See* 17 U.S.C. § 412(2); *see also Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 1226277, at *1 (S.D.N.Y. Mar. 29, 2011) (noting that §412(2) provides a three-month grace period to register a copyright after the work's first publication).

2.    Here, the Photograph was initially published on January 4, 2017 and the effective date of copyright registration is March 27, 2017, within the three-month grace period to qualify for statutory damages under 17 U.S.C. § 504(c) plus attorneys' fees under 17 U.S.C. § 505.

3.    For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000.00 in civil penalties for willful copyright infringement.

**Evidence in Support of Statutory Damages for Count I: Copyright Infringement**

4.    "At the plaintiff's election, Section 504 of the Copyright Act allows the Court to assess statutory damages for each work for which the copyright has been infringed, in a 'sum of not less than $750 or more than $30,000 as the court considers just,' 17 U.S.C. § 504(c)(1), without requiring a plaintiff to make a showing of profit by the defendant or loss by the plaintiff as a result of the infringing activity." *Peer Int'l Corp. v. Max Music & Entm't, Inc.,* No. 03 CIV. 0996 (KMW-DF), 2004 WL 1542253, at *2 (S.D.N.Y. July 9, 2004); *see also Starbucks Corp. v. Morgan*, 99 Civ. 1404, 2000 WL 949665 at *2 (S.D.N.Y. July 11, 2000) (statutory damages "'are available without proof of plaintiff's actual damages or proof of any damages.'"); *Entral Group Int'l LLC v. Honey Cafe on 5th, Inc.,* 2006 WL 3694584, at *6 (E.D.N.Y. Dec. 14, 2006) (awarding $150,000 for defendants' willful infringement although neither the plaintiff's losses nor the defendants' profits were established).

5.    Thus, even if evidence of Plaintiff's actual losses is available, there is no requirement that Plaintiff produce such evidence after electing to recover statutory damages.  *See CJ Products, LLC v. Your Store Online LLC*, No. 11-cv-9513 (GBD) (AJP), 2012 WL 2856068, fn. 4 (S.D.N.Y. July 12, 2012) ("Under the current [Copyright] Act, the copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits. He may, moreover, make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits, and *even if he has intentionally declined to offer such evidence, although it was available.*'") (*quoting* 4 Melville B. Nimmer & David Nimmer, NIMMER ON COPYRIGHT § 14.04[A] (2009 ed.) (italics added); *Pearson Education, Inc. v. Nugroho*, No. 08-cv-8034 (DAB) (AJP), 2009 WL 3429610, *5 (S.D.N.Y. Oct. 27, 2009) (same).

6.      Here, Plaintiff elects statutory damages and therefore respectfully declines to submit evidence of his actual losses in the form of licensing fee history.  Instead, Plaintiff seeks statutory damages as a deterrent to willful infringers. *See, e.g. Lauratex Textile Corp. v. Allton Knitting Mills, Inc.,* 519 F.Supp. 730, 733 (S.D.N.Y.1981) (explaining that statutory damages may be used to "provide a deterrent for would-be infringers"); *Capital Records, Inc. v. MP3tunes, LLC*, 48 F.Supp.3d 703, 732 (S.D.N.Y. 2014) ("A statutory damages award under the Copyright Act is by definition an authorized civil penalty.").

7.      The requested amount is consistent with a long-line of cases in this Circuit which award $30,000 where defendant has defaulted in a copyright infringement action.  *See, e.g., Lucerne Textiles, Inc. v. H.C.T. Textiles Co.*, No. 12-cv-5456 (KMW) (AJP), 2013 WL 174226, at *3 (S.D.N.Y. Jan. 17, 2013), *report and recommendation adopted*, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013) (on default, finding request for $30,000 in statutory damages appropriate); *Tokar v. 8 Whispering Fields Assocs., Ltd.,* No. 08-cv-4573 (ADS), 2011 WL 7445062 at *2 (E.D.N.Y. Dec. 13, 2011) (same); *Microsoft Corp. v. Computer Care Ctr., Inc.,* No. 06-CV-1429 SLT RLM, 2008 WL 4179653, at *11 (E.D.N.Y. Sept. 10, 2008) (same); *Peer Int'l Corp. v. Max Music & Entm't, Inc.*, No. 03 CIV. 0996KMWDF, 2004 WL 1542253, at *4 (S.D.N.Y. July 9, 2004) (same); *Getaped.com, Inc. v. Cangemi,* 188 F.Supp.2d 398, 403 (S.D.N.Y. 2002) (same); *Stevens v. Aeonian Press, Inc.,* No. 00 Civ. 6330(JSM), 2002 WL 31387224, at *2 (S.D.N.Y. Oct. 23, 2002) (same).

8.      Moreover, in the last three years, courts in this Circuit have routinely awarded $30,000 in statutory damages for a single photograph without holding an inquest and without proof of actual damages.  *See, e.g., Verch v. Handsome Service, Inc.*, 19-cv-6162 (FB-PK), dated 5/18/20 (awarding $30,000.00 in statutory damages under 17 U.S.C. § 504(c); *Bari v. Ocean*

3

*Gold Media, LLC*, 18-cv-05992 (WFK-SJB), dated 2/25/20 (awarding $30,000.00 in statutory damages under 17 U.S.C. § 504(c)); *Carmody v. DML News & Entertainment, Inc.*, 18-cv-04893 (WFK-SJB), dated 10/8/19 (awarding $30,000.00 in statutory damages under 17 U.S.C. § 504(c)); *Lanzilote v. The Tempest Media, Inc.*, 19-cv-00477 (JGK), dated 6/04/19 (awarding $30,000.00 in statutory damages under 17 U.S.C. § 504(c)); *Wolman v. Hudson Valley News Network, LLC*, 18-cv—11589 (JSR), dated 4/15/19 (awarding $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)); *Hirsch v. The Dishh, LLC*, 18-cv-9079 (LGS) (S.D.N.Y. 12/10/18) ("Defendant shall pay $30,000.00 in statutory damages as civil penalties for willful copyright infringement under 17 U.S.C. § 504(c)"); *Myeress v. Brissi Group, LLC*, 17-cv-9691 (KPF) (S.D.N.Y. 6/25/18) (awarding "$30,000 in civil penalties for copyright infringement"); *J.C. Rice v. Sutton New Media LLC*, 17-cv-8332 (WHP) (S.D.N.Y. 5/24/18) (ordering that "Defendant shall pay $30,000 in statutory damages" under the Copyright Act); *Myers v. COED Media Group, LLC*, 18-cv-02180 (JSR) (S.D.N.Y. 5/2/18) (ordering that "Defendant shall pay $60,000 in civil penalties [for two images], representing $30,000 for each instance of willful copyright infringement."); *Marzullo v. Karmic Release Ltd.*, 17-cv-7482 (KPF) (S.D.N.Y. 4/24/18) (ordering that "Defendant violated 17 U.S.C. § 501 and shall pay $30,000 in civil penalties for copyright infringement."); *Zlozower v. Rukkus, Inc.*, 17-cv-09510 (RWS) (S.D.N.Y. 3/28/18) (ordering $30,000 in statutory damages under the Copyright Act, 17 U.S.C. § 501 after declaring that "Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 of the Copyright Act by engaging in unauthorized copying of Plaintiff's registered work"); *Chevrestt v. Craft Nation, Inc.,* 17-cv-09232-JSR (S.D.N.Y. 1/8/18) (awarding "$30,000 in civil penalties for each instance of willful copyright infringement."); *Lee v. White Cat Media*, 17-cv-8122 (JSR) (S.D.N.Y. 12/13/17) (awarding

"$30,000 as damages for defendant's infringement of plaintiff's [copyright] in violation of 17 U.S.C. § 501 et seq."); *Miller v. AllHipHop.com LLC*, 16-cv-02744 (RA) (S.D.N.Y. 10/11/16) (ordering that "Defendant shall pay $30,000 in civil penalties for willful copyright infringement"). True and correct copies of the orders cited in this paragraph are attached as Exhibit A to the Declaration of Richard Liebowitz.

Dated: July 20, 2020
Valley Stream, New York

> Respectfully Submitted:
>
> **s/richardliebowitz/**
> By: Richard Liebowitz
> LIEBOWITZ LAW FIRM, PLLC
> 11 Sunrise Plaza, Ste. 305
> Valley Stream, NY 11580
> (516) 233-1660
> F: (516) 612-2740
> RL@LiebowitzLawFirm.com
>
> *Counsel for Plaintiff*

5